IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-340-BO

TIFFANY JONES, )
      Plaintiff, )
   )
v. )     O R D E R
   )
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*, )
      Defendant. )

This cause comes before the Court on plaintiff's motion for judgment on the pleadings and defendant's opposed motion to remand. A hearing was held before the undersigned on October 5, 2023, at Raleigh, North Carolina and the matters are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is granted, the motion to remand is denied, and the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff filed the instant application for disability benefits in September 2013. Plaintiff received her first unfavorable decision from an administrative law judge (ALJ) in February 2017. Plaintiff sought judicial review in this Court, and the decision was remanded for further proceedings. The ALJ held another hearing and again issued an unfavorable decision on September 7, 2021. The ALJ's decision became the final decision of the Commissioner

when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff last met the insured status requirements on December 31, 2018, and that she did not engage in substantial gainful activity from her amended alleged onset date through her date last insured. The ALJ found that through the date last insured (DLI) plaintiff's degenerative disc disease, obesity, hypertension, carpal tunnel syndrome, depressive disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and borderline personality disorder were severe impairments at step two but that either alone or in combination plaintiff's impairments did not meet or medically equal a Listing at step three. The ALJ found that through the DLI plaintiff had the RFC to perform a reduced range of sedentary work with both exertional and non-exertional limitations. The ALJ determined that plaintiff was unable to perform her past relevant work as a child welfare case worker but that, based upon her age, education, work experience, and RFC, there were job which exist in significant numbers in the national economy

3

which plaintiff could perform. Those jobs included final assembler, folder, and table worker. Accordingly, the ALJ determined plaintiff was not disabled through the date of his decision.

Substantial evidence does not support the ALJ's conclusion that plaintiff could perform a reduced range of sedentary work on a regular and consistent basis. Defendant agrees with plaintiff's second assignment of error, that the ALJ failed to perform a necessary function-by-function analysis of plaintiff's ability to sit for six hours of an eight-hour workday, and asks that this matter be remanded pursuant to sentence four of § 405(g) for further fact finding. Defendant contends that there is conflicting evidence in the record regarding whether plaintiff can sufficiently perform the requirements of sedentary work and that remand to a factfinder is necessary.

Plaintiff opposes remand, arguing that, in addition to failing to conduct a function-by-function analysis, the ALJ again did not properly evaluate the opinions of plaintiff's treating medical providers, Dr. Arcedo and Dr. Coplin, whose opinions would restrict plaintiff's ability to sit such that she could not perform the requirements of sedentary work. In the decision on review, the ALJ afforded Dr. Coplin's opinion regarding plaintiff's ability to stand and/or walk less than two hours and sit less than six hours little weight. In doing so, the ALJ cites no contradictory evidence regarding plaintiff's ability to sit, and cites only evidence related to plaintiff's gate, use of an assistive device, and ability to walk more. The ALJ also discredits Dr. Arcedo's opinion that plaintiff's chronic pain is disabling by stating that Dr. Arcedo relies only on plaintiff's subjective complaints and not objective evidence. But the record, including Dr. Arcedo's treatment record, is replete with citations to objective medical evidence which could cause pain, including L5-S1 disc herniation and nerve impingement. Moreover, despite the limited record citations provided by the ALJ which support "benign findings," the record as whole demonstrates plaintiff experienced only

4

temporary relief from interventions and continued to suffer from ongoing back and wrist pain during the relevant period.

At bottom, the Court agrees with plaintiff's argument that remand for further fact finding would serve no purpose. Affording proper weight to plaintiff's treating physician opinions results in a finding that plaintiff could not perform the requirements of even sedentary work, despite her younger age. The Court has already remanded plaintiff's claim for further consideration of the opinions of plaintiff's treating physicians, which the ALJ again disregarded as essentially vague. Plaintiff's claim has been pending for more than ten years and her DLI was in 2018. Accordingly, the Court in its discretion will reverse for an award of benefits. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion to remand [DE 21] is DENIED. The decision of the Commissioner is hereby REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this __7__ day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE